Michael L. Rausch
BROWNING, KALECZYC, BERRY & HOVEN P.C.
Liberty Center, Suite 302
9 Third Street North
Great Falls, MT 59401
Telephone: (406) 403-0041
Fax: (406) 453-1634
mike@bkbh.com
Attorneys for Wesco Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WESCO INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BOONE KARLBERG PC and THOMAS BOONE, TRUSTEE OF THE BOONE, KARLBERG EMPLOYEES PROFIT SHARING TRUST,<br><br>Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Wesco Insurance Company, by and through its counsel, for its Complaint for Declaratory Judgment against Boone Karlberg PC and Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, alleges as follows:

## NATURE OF THE ACTION

1. Wesco Insurance Company ("Wesco") seeks a declaration that it does not owe a duty to defend or indemnify Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, (the "Trustee") under an insurance policy issued to the Boone Karlberg PC (the "Firm") with respect to a lawsuit filed in the Eighth Judicial District Court, Cascade County, Montana, entitled *Brad J. Davey and Daley Yatsko v. Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, et al.*, Case No. DDV-18-0187 (the "Davey Lawsuit").

## THE PARTIES

2. Wesco is a Delaware corporation with its principal place of business in New York.

3. The Firm is a Montana professional corporation with its principal place of business in Missoula, Montana.

4. Upon information and belief, the Trustee is a resident and citizen of Montana. The Trustee is named in his capacity as Trustee of the Boone, Karlberg Employees Profit Sharing Trust.

//

//

//

## JURISDICTION AND VENUE

5. This action is brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332. Wesco is a citizen of Delaware and New York and the Firm and the Trustee are citizens of Montana.

6. An actual controversy exists between Wesco, on the one hand, and the Firm and the Trustee, on the other hand, regarding the existence of insurance coverage in connection with the Davey Lawsuit.

7. The amount in controversy exceeds the jurisdictional amount of $75,000, exclusive of costs, interest and attorneys' fees. Upon information and belief, the claimants in the Davey Lawsuit seek relief from the Trustee in an amount in excess of $75,000.

8. Venue is appropriate in this District under 28 U.S.C. § 1391 because the Firm and Trustee reside in this District and the insurance policy which forms the basis of this dispute was delivered to the Firm in this District. Venue is appropriate in the Great Falls Division pursuant to Local Rule 3.2 and MCA § 25-2-121(2)(c) which specifies that actions involving contracts of indemnity be brought in the county where the loss or injury occurred or where a judgment is obtained or where payment is to be made. See ¶ 1 above.

//

//

# THE WESCO POLICY

9. Wesco issued the Firm a claims-made policy for the period September 5, 2018 to September 5, 2019, policy number EUW1418942 02 (the "Policy"). (A copy of the Policy is attached as Exhibit A, which incorporated herein by reference).

10. The Policy contains a maximum aggregate limit of liability of $1 million under the Fiduciary Liability Coverage Element (the "Fiduciary Section"), subject to a $25,000 each claim retention.

11. The Fiduciary Section's Insuring Agreement provides as follows:

I. Insuring Agreements

Coverage A: **Fiduciary Liability Coverage**

The **Insurer** shall pay **Loss** of an **Insured** arising from a **Claim** first made against such **Insured** during the **Policy Period** or the Extended Reporting Period, if applicable, for any actual or alleged **Wrongful Act** of such **Insured** or any person for whom such **Insured** is legally responsible.

12. The Fiduciary Section includes the following definitions:

II. Definitions

In addition to the Definitions in the General Terms and Conditions, the following terms whenever set forth in boldface type in this **Coverage Element**, whether in singular or in plural, shall have the meanings indicated.

\*   \*   \*

C. **Claim** means

1. a written demand for monetary, non-monetary or injunctive relief (including any request to toll or waive any statute of limitations);

2. a civil, criminal or arbitration proceeding for monetary, non-monetary or injunctive relief which is commenced by:

    (i) service of a complaint or similar pleading;

    (ii) return of an indictment, information or similar document (in the case of a criminal proceeding); or

    (iii) receipt or filing of a notice of charges;

*   *   *

J. **Loss** means

1. the amount that any **Insured** becomes legally obligated to pay in connection with any covered **Claim**, including, but not limited to

    (i) judgments (including pre-judgment and post-judgment interest on any covered portion thereof) and settlements;

    (ii) damages, including punitive or exemplary damages and the multiple portion of multiplied damages relating to punitive or exemplary damages. The enforceability of this subparagraph (ii) shall be governed by such applicable law that most favors coverage for such punitive, exemplary and multiple damages; and

2. **Defense Costs**, except for items specifically excluded from **Loss** pursuant to subparagraph 6 below; and

3. **Voluntary Compliance Loss** solely with respect to Coverage B.

*   *   *

U.  **Wrongful Act** means:

1. a violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by **ERISA** with respect to a **Plan**, or any matter claimed against an **Insured** solely by reason of his, her or its status as a fiduciary, but only with respect to a **Plan**; or

2. any act, error or omission solely in the performance of the following administrative duties or activities, but only with respect to a **Plan**:

    (i)   counseling employees, participants and beneficiaries;

    (ii)  providing interpretations;

    (iii) handling of records;

    (iv)  conducting activities affecting enrollment, termination or cancellation of employees, participants and beneficiaries under the **Plan**;

    (v)   complying with the privacy provisions of the **HIPAA** and any amendments thereto; or

3. any matter claimed against an **Insured** solely by reason of his, her or its status as an administrator, but only with respect to a **Plan**.

13. The Policy contains the following additional definition:

K. **Related Wrongful Acts** means **Wrongful Acts** which are the same, repeated or continuous **Wrongful Acts**, or **Wrongful Acts** which arise from a common causal connection or cause the same or related damages, or have a common nexus or nucleus of facts. **Claims** can allege **Related Wrongful Acts** regardless of whether such **Claims** involve the same or different claimants, **Insureds** or legal causes of action.

14. The Fiduciary Section contains the following exclusions:

III. Exclusions

The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured**:

A. alleging, arising out of, based upon or attributable to:

 1. the gaining of any profit or advantage to which any final adjudication establishes the **Insured** was not legally entitled; or

 2. the committing of any deliberate criminal or deliberate fraudulent act, or any willful violation of any statute, rule or law, including, but not limited to, **ERISA** if any final adjudication establishes that such deliberate criminal or deliberate fraudulent act or willful violation of statute, rule or law was committed. For purposes of determining the applicability of this exclusion (i) the facts pertaining to and knowledge possessed by any **Insured** shall not be imputed to any other **Individual Insured;** and (ii) only facts pertaining to and knowledge possessed by any past, present or future chairman, chief executive officer or chief financial officer (or equivalent positions) of a **Company** or the signatory of the **Application** shall be imputed to such **Company**;

15. Endorsement No. 2 to the Policy, entitled "Prior Acts Exclusion –

7

Broad Form," states as follows:

> The following exclusion is added to Section III. Exclusions:
>
> The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** based upon, arising out of, attributable to or alleging:
>
>     a.    any **Wrongful Act**, or;
>
>     b.    any **Related Wrongful Acts**, any one of which was
>
> committed or alleged to have been committed prior to:
>
> September 5, 2015
>
> This endorsement shall apply to all **Coverage Elements** forming part of this policy.

16.    Endorsement No. 4 to the Policy, entitled "Specific Event Exclusion," states as follows:

> The following exclusion is added to Section III. Exclusions:
>
> The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured** alleging, arising out of, based upon or attributable to:
>
> any **Claim** in whole or in part arising from or related to any investment other than a commercially recognized mutual fund or money market account
>
> Including but not limited to any **Wrongful Act** or **Related Wrongful Acts**, facts, or circumstances, which have as a common nexus any **Wrongful Act** or **Related Wrongful Acts**, facts, or circumstances related to such.

17.    Endorsement No. 5 to the Policy, entitled "Specific Claimant

8

Exclusion," states as follows:

> The following exclusion is added to Section III. Exclusions:
>
> The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** brought by or on behalf of:
>
> Thomas Boone

## THE DAVEY LAWSUIT

18. On March 30, 2018, Brad J. Davey ("Davey") and Dale Yatsko ("Yatsko") filed the Davey Lawsuit against the Trustee and others. (A copy of the complaint filed in the Davey Lawsuit is attached as Exhibit B).

19. The Trustee was allegedly served with the complaint in the Davey Lawsuit on June 4, 2019.

20. The Davey Lawsuit alleges that the Trustee and other defendants filed a complaint against Davey, Yatsko and others on November 26, 2012 in the lawsuit entitled, *Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, et al. v. B. Lundholm Real Estate, Inc., et al.*, Case No. ADV-12-0958, filed in the Eighth Judicial District Court for Cascade County, Montana (the "Trustee Lawsuit").

21. The Davey Lawsuit asserts that the Trustee and other defendants later filed a first amended complaint, which was filed on January 3, 2014.

22. The Davey Lawsuit alleges that Trustee Lawsuit was filed by the defendants in an effort to recoup losses in connection with a loan made by the

9

defendants and that the Trustee Lawsuit contained false and unsupportable allegations that Davey and Yatsko had engaged in fraudulent transfers and that the plaintiffs in the Trustee Lawsuit were entitled to place a constructive trust and equitable lien on property owned by Davey and Yatsko.

23.  The Davey Lawsuit alleges that Davey and Yatsko filed a motion for summary judgment in the Trustee Lawsuit on June 30, 2016, which was granted on September 13, 2017, and that judgment was entered on September 14, 2017.

24.  The Davey Lawsuit asserts a cause of action for malicious prosecution, alleging that the defendants lacked any probable cause for the filing of the original complaint and first amended complaint which asserted wrongdoing on the part of Davey and Yatsko and that the allegations contained in these filings were accentuated by malice.

25.  The Davey Lawsuit asserts a cause of action for abuse of process, alleging that the defendants' filing of the original complaint and first amended complaint against Davey and Yatsko was an abuse of process because there was no legal basis for asserting the claims.

26.  The Davey Lawsuit also asserts a cause of action for defamation, alleging that the allegations of fraud made in the original complaint and first amended complaint filed in the Trustee Lawsuit constituted false and fraudulent allegations.

27. Finally, the Davey Lawsuit alleges that the allegations of the original complaint and first amended complaint were negligently advanced by the defendants and notes that Davey and Yatsko are "unaware whether others assisted Defendants in the preparation of the Complaint and First Amended Complaint but if there were others who provided assistance and input which ultimately caused the complaints to be filed against Plaintiffs then they likewise are culpable of gross negligence."

28. Wesco is currently providing a defense to the Trustee in the Davey Lawsuit pursuant to a reservation of rights.

## COUNT I
### Declaratory Judgment Regarding No Duty to Defend or Indemnify The Trustee Under the Policy

29. Wesco incorporates herein by reference the allegations in paragraphs 1 through 28 above.

30. Pursuant to the Fiduciary Section Insuring Agreement, the Policy provides, subject to its terms, coverage only for Loss of an insured arising from a claim first made against such insured during the policy period for any actual or alleged Wrongful Act of such insured or any person for whom such insured is legally responsible.

31. A Wrongful Act includes a violation of any of the responsibilities, obligations, or duties imposed upon fiduciaries by the Employee Retirement

Income Security Act of 1974 ("ERISA") with respect to a plan, or any matter claimed against an insured solely by reason of his, her or its status as a fiduciary, but only with respect to a plan.

32. To the extent the Davey Lawsuit does not allege a violation of any of the responsibilities, obligations, or duties imposed upon fiduciaries by ERISA with respect to a plan or any other matter claimed against an insured solely by reason of his status as a fiduciary with respect to a plan, no coverage applies.

33. To the extent any relief sought in the Davey Lawsuit does not constitute Loss as defined by the Policy, no coverage is afforded.

34. To the extent any requirements of the Insuring Agreement are not satisfied, no coverage is afforded by the Policy.

35. Exclusion A.2 applies to preclude coverage for the Davey Lawsuit to the extent a final adjudication establishes that any insured committed any deliberate criminal or deliberate fraudulent act, or any willful violation of any statute, rule or law, including but not limited to ERISA.

36. Endorsement No. 2, the Prior Acts Exclusion, provides that the Policy does not apply to loss in connection with any claim based upon, arising out of, attributable to or alleging any Wrongful Act or Related Wrongful Acts, any one of which was committed or alleged to have been committed prior to September 5, 2015.

37. The Davey Lawsuit asserts that the Trustee's filing of the original complaint, filed on November 26, 2012, and the first amended complaint, filed on January 3, 2014, in the Trustee Lawsuit, was done without probable cause and without legal basis in support of causes of action for malicious prosecution, abuse of process, defamation, and negligence.

38. To the extent the Davey Lawsuit alleges a Wrongful Act, the Davey Lawsuit is based upon, arises out of, attributable to and alleges Wrongful Acts or any Related Wrongful Acts any one of which was committed or alleged to have been committed prior to September 5, 2015 and, therefore, the Prior Acts Exclusion precludes coverage for the Davey Lawsuit.

39. Endorsement No. 4, the Specific Event Exclusion, provides that the Policy does not provide coverage for any claim made against any insured alleging, arising out of, based upon or attributable to any claim in whole or in part arising from or related to any investment other than a commercially recognized mutual fund or money market account.

40. The Davey Lawsuit alleges, arises out of, is based upon or attributable to the Trustee's investment through a loan and not any commercially recognized mutual fund or money market account and, therefore, the Specific Event Exclusion precludes coverage for the Davey Lawsuit.

41. Endorsement No. 5, the Specific Claimant Exclusion, provides that the Policy does not provide coverage for loss in connection with any claim brought by or on behalf of Thomas Boone.

42. The Davey Lawsuit seeks damages in connection with the Trustee Lawsuit, a claim brought by or on behalf of Trustee Thomas Boone and, therefore, the Specific Claimant Exclusion precludes coverage for the Davey Lawsuit.

WHEREFORE, Wesco Insurance Company requests that this Court enter judgment in its favor and against all defendants:

A. Declaring that Wesco has no duty to defend the Trustee in connection with the lawsuit captioned *Brad J. Davey, et al. v. Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, et al.*, Case No. DDV 18-0187, under policy number EUW1418942 02;

B. Declaring that Wesco has no duty to indemnify the Trustee in connection with the lawsuit captioned *Brad J. Davey, et al. v. Thomas Boone, Trustee of the Boone, Karlberg Employees Profit Sharing Trust, et al.*, Case No. DDV 18-0187, under policy number EUW1418942 02;

C. Declaring that Wesco is entitled to repayment of any advanced defense costs; and

D. Awarding such other and further relief as the Court finds just and proper.

Dated: August 19, 2019.

    /s/ Michael L. Rausch
Michael L. Rausch, Esq.
Attorney for Plaintiff WESCO
INSURANCE COMPANY